FILED BY____TS____D.C.

Aug 24, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-20350-CR-MARTINEZ/BECERRA
18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1341
18 U.S.C. § 1957
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

JOHANNA MICHELY GARCIA,

    Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Relevant Terms

1. A "merchant cash advance," also called an "MCA," is a form of alternative financing that provides a business fast access to funds based on their previous income or sales. An MCA company typically provides the client business, referred to as a "merchant," upfront financing in exchange for a portion of the merchant's future receivables at a discount or fixed periodic payments taken directly from the merchant's bank account. MCA financing is typically used by small and medium-sized businesses in need of short-term financing. Although MCA financing is often more expensive than traditional small business loans, it is often faster and easier to obtain.

2. A *"Ponzi"* or "*Ponzi* scheme" is an investment fraud scheme that involves the payment of claimed returns to existing investors from funds contributed by new investors. *Ponzi* scheme organizers often solicit new investors by promising to invest funds in opportunities claimed to generate high returns with little or no risk. In many *Ponzi* schemes, the participants focus on attracting new investments to make promised payments to earlier-stage investors to create the false appearance that investors are profiting from a legitimate business. *Ponzi* schemes require a consistent flow of new investor funds to continue and tend to collapse when it becomes difficult to obtain sufficient new investor funds or when a large number of investors ask for their investment principal back.

### The Defendant and the Relevant Entities and Individuals

3. MJ Taxes and More Inc. ("MJ Taxes") was a Florida corporation with its listed place of business in Pompano Beach, Florida. Defendant **JOHANNA MICHELY GARCIA** incorporated MJ Taxes on or about December 9, 2016, under the name MJ Tax Services & More Inc, and changed its name to MJ Taxes on or about March 9, 2020. **GARCIA** was the president and registered agent of MJ Taxes.

4. MJ Enterprise Inc. ("MJ Enterprise") was a Florida corporation with its listed place of business in Pompano Beach, Florida. MJ Enterprise was founded in or around September 2019 under the name MJ Check Cashing N' Loans Inc, and had its name changed to MJ Enterprise in or around November 2020. Defendant **JOHANNA MICHELY GARCIA** was the president and registered agent of MJ Enterprise. **GARCIA** was a signatory for MJ Enterprise's Chase Bank account ending 0571.

5. MJ Capital Funding, LLC ("MJ Capital") was a Florida limited liability company with its listed place of business in Pompano Beach, Florida. MJ Capital was purportedly in the

MCA lending business. Defendant **JOHANNA MICHELY GARCIA** founded MJ Capital on or about June 10, 2020, and was a manager, and the president and chief executive officer of MJ Capital. MJ Taxes was the registered agent of MJ Capital. **GARCIA** was a signatory for MJ Capital's Wells Fargo Bank account ending 1239 and Chase Bank account ending 3960.

6. UDM Remodeling, LLC ("UDM Remodeling") was a Florida limited liability company with its listed place of business in Fort Lauderdale, Florida. Pavel Ramon Ruiz Hernandez founded UDM Remodeling on or about September 25, 2020. Pavel Ramon Ruiz Hernandez was the manager and MJ Taxes was the registered agent of UDM Remodeling.

7. Pavel Ruiz MJCF LLC ("Pavel Ruiz MJCF") was a Florida limited liability company with its listed place of business in Plantation, Florida. Pavel Ramon Ruiz Hernandez founded Pavel Ruiz MJCF in or around March 2021 and was its sole member. MJ Taxes was the registered agent of Pavel Ruiz MJCF.

8. Defendant **JOHANNA MICHELY GARCIA** was a resident of Broward County, Florida.

9. Pavel Ramon Ruiz Hernandez, a/k/a "Pavel Ruiz," was a resident of Broward County, Florida.

## COUNT 1
### Conspiracy to Commit Wire Fraud and Mail Fraud
### (18 U.S.C. § 1349)

1. The General Allegations section of this Indictment is realleged and fully incorporated herein by reference.

2. From at least as early as in or around October 2020, and continuing through on or about August 12, 2021, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**JOHANNA MICHELY GARCIA,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with Pavel Ramon Ruiz Hernandez, and with others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

(a) to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice to defraud, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343; and

(b) to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice to defraud, did knowingly cause to be delivered certain mail matter by the United States Postal Service and by private and commercial interstate carrier, according to the direction thereon, in violation of Title 18, United States Code, Section 1341.

## Purpose of the Conspiracy

3. It was a purpose of the conspiracy for **JOHANNA MICHELY GARCIA** and her co-conspirators to unlawfully enrich themselves by soliciting investor funds through materially false and fraudulent representations and promises concerning, among other things, the true nature of the investment, the existence of MCA loans, the use of investor funds, and the source of investor payments, all so the defendant and her co-conspirators could use investors' funds for their own

4

personal benefit and that of others, and to make payments to existing investors using new investor funds.

### Manner and Means of the Conspiracy

The manner and means by which the defendant and her co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

4. MJ Capital purportedly engaged in the business of providing merchant cash advances to businesses in Florida and throughout the United States in exchange for agreed upon periodic payments over a specified period of time. MJ Capital promoted its MCAs as a short-term, high-cost, alternative financing solution for small and medium-sized businesses that needed fast up-front funding.

5. **JOHANNA MICHELY GARCIA** and her co-conspirators, directly and indirectly, fraudulently solicited money from investors purportedly to fund MCAs by falsely promising significant returns, typically 10% per month (an annual rate of 120%).

6. **JOHANNA MICHELY GARCIA** and her co-conspirators, through MJ Capital, falsely and fraudulently claimed that MJ Capital's investment offerings permitted investors to "purchase" a portion of merchants' future receivables. MJ Capital instructed its personnel and affiliates to use the term "merchant" instead of "borrower," "order payment" instead of "loan amount" or "principal," "purchaser" instead of "investor," and "purchase of future receivables" instead of "investment."

7. **JOHANNA MICHELY GARCIA** and her co-conspirators, directly and indirectly, recruited individuals to solicit investors to invest in MJ Capital's investment offerings at various locations in Miami-Dade and Broward Counties, in the Southern District of Florida. As part of the effort to raise additional investor funds, **GARCIA** and her co-conspirators incentivized

these individuals by offering and paying commissions, typically 10% or more of the amount of investor funds raised.

8. Persons raising funds for MJ Capital were called "account representatives." Successful account representatives could be promoted to "managers." Account representatives and managers were organized into groups within MJ Capital, with each group overseen by a "board member." **JOHANNA MICHELY GARCIA** and Pavel Ramon Ruiz Hernandez were board members of MJ Capital.

9. **JOHANNA MICHELY GARCIA**, her co-conspirators, and others, on behalf of MJ Capital, provided and entered into written investment agreements with investors. These investment agreements made materially false and fraudulent statements and representations to investors, including concerning the use of investor funds and the source of investor returns.

10. Based on false and fraudulent representations to investors, **JOHANNA MICHELY GARCIA** and Pavel Ramon Ruiz Hernandez received and collected MJ Capital investor funds in cash and through deposits via check and electronic bank transfers, often involving interstate wire communications and mailings, into various accounts, including **GARCIA**'s personal accounts, and accounts in the name of Ruiz Hernandez, MJ Capital, MJ Taxes, MJ Enterprise, UDM Remodeling, and Pavel Ruiz MJCF.

11. Notwithstanding **JOHANNA MICHELY GARCIA** and her co-conspirator's false and fraudulent representations to investors regarding the nature of the MJ Capital investment, the finances, operation, and profitability of MJ Capital, and the use of investor funds, MJ Capital only funded a few MCAs and failed to earn anywhere near the profits it needed to pay the investor returns and principal promised investors. As a result, **GARCIA** and her co-conspirators paid investor returns by running a large *Ponzi* scheme, paying existing investors using new investor

funds.

12. While continuing to solicit new investments, **JOHANNA MICHELY GARCIA** and her co-conspirators misappropriated existing MJ Capital investor funds for their own personal use and benefit. **GARCIA** and her co-conspirators misappropriated millions of dollars to pay for, among other things, personal expenses, luxury goods, vehicles, vacations, and entertainment, and to make personal investments.

13. **JOHANNA MICHELY GARCIA** and her co-conspirators never informed MJ Capital investors that they diverted investor funds for their own personal use and benefit and to pay investor returns. Instead, **GARCIA** and her co-conspirators falsely and fraudulently represented to investors that investment funds were being used to fund MCA loans.

14. To induce investors to invest in MJ Capital, **JOHANNA MICHELY GARCIA** and her co-conspirators, directly and indirectly, made materially false and fraudulent statements and representations to investors, and concealed and omitted material facts to investors, concerning the nature of the MJ Capital investment, the finances, operation, and profitability of MJ Capital, and the use of investor funds, including, among others, the following:

<u>**Materially False Representations**</u>

(a) that the investor's money would be used to fund MJ Capital's MCAs;

(b) that investor returns would be paid from the profits of MJ Capital's MCA business;

(c) that MJ Capital had a minimal rate of default on its MCAs and that it had a system in place to collect payment on the MCAs, including using underwriters to vet merchants soliciting loans, liens to secure loans, and lawyers to collect payment when necessary; and

(d)   that MJ Capital's MCA business was sufficiently robust and profitable to be the source of the investor returns and to guarantee investors' capital.

### Concealment and Omission of Material Facts

(e)   MJ Capital only funded a few MCAs;

(d)   that investor's money would be used to pay investor returns; and

(e)   that **JOHANNA MICHELY GARCIA**, Pavel Ramon Ruiz Hernandez, and others, misappropriated investor funds for their own use and benefit.

15.   As a result of **JOHANNA MICHELY GARCIA**'s and her co-conspirators' false and fraudulent misrepresentations and omissions discussed above, from in or around October 2020, through in or around August 2021, **GARCIA** fraudulently obtained at least approximately $190,700,000 dollars from retail investors in the Southern District of Florida and elsewhere.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-19
### Wire Fraud
### (18 U.S.C. § 1343)

1.   The General Allegations section of this Indictment is realleged and fully incorporated herein by reference.

2.   From at least as early as in or around June 2020, and continuing through in or around August 2021, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**JOHANNA MICHELY GARCIA,**

did knowingly, and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and

8

promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

### Purpose of Scheme and Artifice

3.     It was a purpose of the scheme and artifice for **JOHANNA MICHELY GARCIA**, and her accomplices, to unlawfully enrich themselves by soliciting investor funds through materially false and fraudulent representations and promises concerning, among other things, the true nature of the investment, the existence of MCA loans, the use of investor funds, and the source of investor payments, all so the defendant and her accomplices could use investors' funds for their own personal benefit and that of others, and to make payments to existing investors using new investor funds.

### The Scheme and Artifice

The Manner and Means Section from Count 1 of this Indictment is re-alleged and incorporated by reference as though fully set forth herein as the description of the scheme and artifice.

### Use of the Wires

4.     On or about the dates specified as to each count below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property from investors by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, as particularly described below:

| Count | Approximate Date | Description of Wire |
|---|---|---|
| 2 | 01/27/2021 | Email from DocuSign System to pruiz@mjcapitalfunds.com with subject "Completed: Please DocuSign: [victim S.R.] 6 month contract". |
| 3 | 01/28/2021 | Email from DocuSign System to pruiz@mjcapitalfunds.com with subject "Completed: Please DocuSign: [victim D.D.]. 3 MONTH CONTRCT". |
| 4 | 04/01/2021 | Email from DocuSign System to pruiz@mjcapitalfunds.com with subject "Completed: Please DocuSign: [victim H.D.] 3 MONTH CONTRACT". |
| 5 | 04/14/2021 | Wire transfer in the approximate amount of $25,000 from victim C.G.T.'s Alabama Teachers Credit Union account ending in 7373, in Alabama, to MJ Capital Funding's Wells Fargo bank account ending in 1239. |
| 6 | 04/25/2021 | Email from DocuSign System to pruiz@mjcapitalfunds.com with subject "Completed: Please DocuSign: [victim S.R.] 6 MONTH CONTRACT". |
| 7 | 04/25/2021 | Email from DocuSign System to pruiz@mjcapitalfunds.com with subject "Completed: Please DocuSign: [victim S.R.] 6 MONTH CONTRACT". |
| 8 | 04/30/2021 | Email from DocuSign System to pruiz@mjcapitalfunds.com with subject "Completed: Please DocuSign: [victim D.D.] 6 MONTH RENEWAL". |
| 9 | 06/12/2021 | Email from DocuSign System to pruiz@mjcapitalfunds.com with subject "Completed: Please DocuSign: [victim I.D.] 6 MONTH CONTRACT". |
| 10 | 06/12/2021 | Zelle transfer in the approximate amount of $5,000 from victim I.D. to **JOHANNA MICHELY GARCIA**'s Wells Fargo Bank account ending in 3719. |
| 11 | 06/21/2021 | Zelle deposit in the approximate amount of $2,000 by victim T.H. to Pavel Ruiz MJCF's Citibank account ending in 5412. |
| 12 | 07/01/2021 | Wire transfer in the approximate amount of $5,000 from U.C. Bank of America account ending 7851 to MJ Capital Funding's Wells Fargo bank account ending 1239. |
| 13 | 07/02/2021 | Email from DocuSign System to pruiz@mjcapitalfunds.com with subject "Completed: Please DocuSign: [victim H.D.] 6 RENEWAL CONTRACT". |
| 14 | 07/13/2021 | Wire transfer in the approximate amount of $5,000 from victim C.G.T.'s Alabama Teachers Credit Union account ending in 7373, in Alabama, to MJ Capital Funding's Wells Fargo bank account ending in 1239. |
| 15 | 07/27/2021 | Zelle transfer in the approximate amount of $5,000 from victim R.D. to MJ Enterprise's Chase Bank account ending 0571. |

10

| Count | Approximate Date | Description of Wire |
|---|---|---|
| 16 | 07/28/2021 | Email from DocuSign System to pruiz@mjcapitalfunds.com with subject "Completed: Please DocuSign: [victim C.R.] 3 MONTH CONTRACT". |
| 17 | 07/30/2021 | Email from DocuSign System to pruiz@mjcapitalfunds.com with subject "Completed: Please DocuSign: [victim S.R.] 6 MONTH CONTRACT". |
| 18 | 08/04/2021 | Wire transfer in the approximate amount of $30,000 from J.B.J.'s USAA account ending 1989 to MJ Capital Funding's Chase account ending in 3960. |
| 19 | 08/10/2021 | Zelle transfer in the approximate amount of $2,000 by victim T.H. to MJ Enterprise's Chase Bank account ending 0571. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 20-22
## Mail Fraud
## (18 U.S.C. § 1341)

1. The General Allegations section of this Indictment is realleged and fully incorporated herein by reference.

2. From at least as early as in or around June 2020, and continuing through in or around August 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**JOHANNA MICHELY GARCIA,**

did knowingly, and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly cause to be delivered certain mail matter by the United States Postal Service and by private and commercial interstate carrier, according to the directions thereon.

**Purpose of Scheme and Artifice**

3.  It was a purpose of the scheme and artifice for **JOHANNA MICHELY GARCIA**, and her accomplices, to unlawfully enrich themselves by soliciting investor funds through materially false and fraudulent representations and promises concerning, among other things, the true nature of the investment, the existence of MCA loans, the use of investor funds, and the source of investor payments, all so the defendant and her accomplices could use investors' funds for their own personal benefit and that of others, and to make payments to existing investors using new investor funds.

**The Scheme and Artifice**

The Manner and Means Section from Count 1 of this Indictment is re-alleged and incorporated by reference as though fully set forth herein as the description of the scheme and artifice.

**Use of the Mails**

4.  On or about the dates specified as to each count below, the defendant, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property from investors by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be delivered certain mail matter, by private and commercial interstate carrier, as particularly described below:

| Count | Approximate Date | Description of Mailing |
|---|---|---|
| 20 | 03/18/2021 | Personal check, number ending 1206, payable to MJ Tax Services & More, Inc. sent via FedEx from victim R.A.T. in Woodstock, Georgia to Pompano Beach, Florida. |
| 21 | 07/08/2021 | Cashier's check, number ending 2513, payable to MJ Capital Funding sent via FedEx from victim R.A.T. in Woodstock, Georgia to Pompano Beach, Florida. |

| Count | Approximate Date | Description of Mailing |
|---|---|---|
| 22 | 07/27/2021 | Cashier's check, number ending in 3012, payable to MJ Capital Funding LLC sent via United Parcel Service from victim C.R. in Atlanta, Georgia to Pompano Beach, Florida. |

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 23-29
## Money Laundering
## (18 U.S.C. § 1957)

1. The General Allegations section of this Indictment is realleged and fully incorporated herein by reference.

2. On or about the dates specified as to each count below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**JOHANNA MICHELY GARCIA,**

did knowingly engage in, and attempt to engage in, a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the monetary transaction represented the proceeds of some form of unlawful activity, as more particularly described in each Count below:

| Count | Approximate Date | Monetary Transaction |
|---|---|---|
| 23 | 06/26/2020 | A cash withdrawal in the approximate amount of $22,000 from MJ Taxes' Wells Fargo account ending 9911. |
| 24 | 07/07/2020 | A cash withdrawal in the approximate amount of $15,000 from **JOHANNA MICHELY GARCIA**'s Wells Fargo Bank account ending in 3719. |
| 25 | 07/08/2020 | A cash withdrawal in the approximate amount of $18,500 from MJ Taxes' Wells Fargo account ending 9911. |
| 26 | 12/21/2020 | A check in the approximate amount of $10,276 drawn on **JOHANNA MICHELY GARCIA**'s Wells Fargo Bank account ending in 3719. |
| 27 | 06/02/2021 | A check in the approximate amount of $296,561 drawn on MJ Capital's Wells Fargo Bank account ending in 7513. |

| Count | Approximate Date | Monetary Transaction |
|---|---|---|
| 28 | 06/02/2021 | A wire in the approximate amount of $57,500 from **JOHANNA MICHELY GARCIA**'s Wells Fargo Bank account ending in 3719. |
| 29 | 07/09/2021 | A cash withdrawal in the approximate amount of $97,500 from MJ Capital's Wells Fargo Bank account ending in 1239. |

It is further alleged that the specified unlawful activity was conspiracy to commit wire fraud and mail fraud, wire fraud, and mail fraud, in violation of Title 18, United States Code, Sections 1349, 1343 and 1341.

In violation of Title 18, United States Code, Section 1957.

## FORFEITURE
### (18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 982(a)(1))

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **JOHANNA MICHELY GARCIA**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Sections 1349 and/or 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
ERIC E. MORALES
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

JOHANNA MICHELY GARCIA,

_____ /

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami    ☐ Key West    ☐ FTP
☐ FTL      ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __7__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    ☐ 0 to 5 days                  ☐ Petty
   II   ☒ 6 to 10 days                 ☐ Minor
   III  ☐ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Seitz _____ Case No. 22-20563-CR-Seitz
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: *[signature]*
Eric E. Morales
Assistant United States Attorney
FL Bar No.    1010791

## Certificate of Trial Attorney

## Supplemental Answer to Question 8

8. Does this case relate to a previously filed matter in this District Court?

    If yes, Judge <u>Smith</u>          Case No. <u>22-20400-CR-Smith</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:** _____ JOHANNA MICHELY GARCIA _____

Case No: _____

Count #:  1

Conspiracy to Commit Wire Fraud and Mail Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** *N/A*
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 fine or twice the gross gain or gross loss amount

Counts #:  2-19

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment:** 20 years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** *N/A*
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 fine or twice the gross gain or gross loss amount

Counts #:  20-22

Mail Fraud

Title 18, United States Code, Section 1341
* **Max. Term of Imprisonment:** 20 years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** *N/A*
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 fine or twice the gross gain or gross loss amount

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

Counts #:   23-29

Money Laundering

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment:** 10 years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or twice the amount of the criminally derived property involved in the transaction

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**