UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20350-CR-Martinez

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHANNA MICHELY GARCIA,

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Johanna Michely Garcia (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with conspiracy to commit mail fraud and wire fraud, in violation of Title 18, United States Code, Section 1349. The Defendant acknowledges that she has read all of the charges against her contained in the Indictment and that the charges have been fully explained to her by her attorney.

2. This Office agrees to seek dismissal of Counts 2 through 29 of the Indictment, as to this Defendant, at sentencing. The plea entered by the Defendant pursuant to this agreement resolves the Defendant's federal criminal liability in the Southern District of Florida growing out

of the Defendant's criminal conduct know to the United States Attorney's Office for the Southern District of Florida as of the date of this plea agreement.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years as to Count 1. In addition to any period of imprisonment the Court may also impose a period of supervised release of up to

three (3) years to commence at the conclusion of the period of imprisonment. In addition to a term of imprisonment and supervised release, as to Count 1, the Court may impose a fine of up to the greater of $250,000, pursuant to 18 U.S.C. § 3571(a)(3), or twice the pecuniary gain or loss caused by the offense, pursuant to 18 U.S.C. § 3571(d), and may order forfeiture and restitution.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed as to each count, for a total of $100.00. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The Defendant shall provide the Probation Office and counsel for the United States with a full, complete and accurate personal financial statement **within thirty (30) days** of adjudication of guilt as contemplated in this Plea Agreement. If the Defendant knowingly provides incomplete or untruthful statements in her personal financial statement, or fails to timely provide her personal financial statement, such action shall be deemed a material breach of this Plea Agreement and the United States shall be free to pursue all appropriate charges against the

Defendant notwithstanding any agreements to forbear from bringing additional charges, or to dismiss counts, otherwise set forth in this Plea Agreement.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and sentencing recommendation if the Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct and the Defendant's present financial condition; (b) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the Defendant's attorney, this Office,

4

or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

10. At the time of sentencing, the Defendant will be free to argue for a variance or departure from the advisory sentencing guidelines range, as deemed appropriate by her counsel. This Office will be free to seek any sentence, including a sentence within the advisory sentencing guidelines range, and up to the statutory maximum of twenty (20) years' imprisonment.

11. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, in violation of 18 U.S.C. § 1349, pursuant to 18 U.S.C. § 981(a)(1)(C). In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:

    a. a forfeiture money judgment in a sum that will be determined, which sum represents the value of the property subject to forfeiture;

    b. directly forfeitable property, including, but not limited to:

        i. Approximately $7,443,236.39 in U.S. currency at J.P. Morgan Chase bank account number ending in 3960 held in the name of MJ Capital

        Funding, LLC;

  ii.  Approximately $10,500 in U.S. currency at Wells Fargo bank account number ending in 1239 held in the name of MJ Capital Funding, LLC.; and

  iii.  Approximately $200,000 in U.S. currency at J.P. Morgan Chase bank account number ending in 8072 held in the name of MJ Taxes and More Inc.

12.    The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

13.    The Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The Defendant also agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

14.    In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the Defendant agrees to the following:

a. submit a financial statement to this Office upon request, within **fourteen (14) calendar days** from the request;

b. maintain all assets valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such assets without prior approval of the United States;

c. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested;

d. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

15. The Defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1. The Defendant further agrees that forfeiture is independent of any assessments, fines, costs, restitution orders, or any other penalty that may be imposed by the Court.

16. The Defendant acknowledges that because the offenses of conviction occurred after April 24, 1996, restitution is mandatory without regard to the Defendant's ability to pay and that the Court must order the Defendant to pay restitution for the full loss caused by her criminal conduct pursuant to 18 U.S.C. § 3663A.

17. This is the entire plea agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 7/16/24        By: _____
                          Roger Cruz
                          Assistant United States Attorney

Date: 7/16/24        By: _____
                          Kate Taylor
                          Attorney for Defendant

Date: 7/16/24        By: _____
                          Johanna Michely Garcia
                          Defendant

8